UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY GOFF, | § |
| *Plaintiff*, | § § § |
| v. | §  CIVIL ACTION NO. 4:26-cv-1427 |
| | § § |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, OFFICER JOHN DOE 1, and OFFICER JOHN DOE 2, | §  JURY TRIAL DEMAND § § § § |
| *Defendants*. | § § |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gary Goff ("Plaintiff"), by and through his attorney's, brings this action against Defendant Texas Department of Criminal Justice ("Defendant TDCJ"), Defendant John Doe 1, and Defendant John Doe 2 violations of rights under the United States Constitution, and any other action that can be inferred from the facts set forth herein.

### INTRODUCTION

1. On February 20, 2024, Plaintiff was an inmate of Defendant TDCJ and was being transferred in a vehicle driven by Defendant John Doe 1. During the transport, John Doe 1 was driving recklessly and in excess of the speed limit when he suddenly stopped to avoid an object that had entered the roadway.

2. As part of the transport, Defendants John Doe 1 and 2 had not restrained Plaintiff with a seat belt and had improperly applied his restraints. Accordingly, Plaintiff was unable to brace himself during the crash and slammed into the vehicle's metal cage. But despites Plaintiff suffered severe injuries, Defendants John Doe 1 and 2 refused to provide medical treatment for over an hour.

3. Plaintiff now seeks redress pursuant 42 U.S.C. Section 1983, the Texas Tort Claims Act, and any another cause of action that can be inferred herein.

## PARTIES

4. Plaintiff Gary Goff resides in the State of Texas. He may be reached through his undersigned counsel.

5. Defendant Texas Department of Criminal Justice's is a governmental unit. It's administrative headquarters is located at 861-B, I-45, Huntsville, TX 77320. Plaintiff requests a citation.

6. John Doe 1 is an employee of Defendant TDCJ and was driving the vehicle that resulted in Plaintiff's injuries.

7. John Doe 2 is an employee of Defendant TDCJ and was a passenger in the vehicle that resulted in Plaintiff's injuries.

## JURISDICTION & VENUE

8. This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C.A. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States; (ii) 28 U.S.C.A. § 1343(a)(3) which confers original jurisdiction upon this Court in any civil action to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (iii) 28 U.S.C.A § 1343(a)(4), which confers original jurisdiction upon this Court in any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights a civil action to recover damages or to

secure equitable; and (iv) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

10. Governmental Immunity is waived with regards to Defendant TDJC, pursuant to Texas Tort Claims Act ("TTCA") § 101.021, because Plaintiff's injuries were the result of the operation or use of a motor driven vehicle, and the employee (police officer) would otherwise be personally liable to Plaintiff under Texas law. Also, by use of tangible personal property (restraints), pursuant to § 101.021(2) of the Texas Tort Claims Act ("TTCA"), and improper use or misuse of a seatbelt. The negligence of the officer was a direct and proximate cause of Plaintiff's injuries, and the officer would be privately liable otherwise.

## CONDITIONS PRECEDENT

11. All conditions precedent have been performed or have been waived.

## FACTS

**A. Plaintiff is severely injured in a car crash while in Defendants' custody**.

12. On February 20, 2024, Plaintiff was an inmate of Defendant at their facility in Huntsville, Texas. Plaintiff was incarcerated pursuant to a 45-day Intermediate Sanction Facility program.

13. On that date, Plaintiff was being transferred in a vehicle driven by Defendant John Doe 1 from Defendant's Holliday Transfer Facility in Huntsville, Texas to the TDCJ Hospital at the University of Texas Medical Branch in Galveston, Texas ("UTMB"). Plaintiff was scheduled to receive mandible surgery.

14. Prior to the trip, Defendants John Doe 1 and 2 loaded Plaintiff into the transport vehicle but chose not to secure Plaintiff by seatbelt. Plaintiff's restraints were also improperly applied.

15. Despite knowing that Plaintiff was not properly secured, during the transport John Doe 1 drove recklessly and, upon information and belief, in excess of the speed limit. Then, suddenly and without warning, Defendant John Doe 1 slammed on the brakes to avoid hitting an object entering the roadway.

16. Because Plaintiff was improperly secured, he was unable to brace or protect himself. As a result, he slammed into the metal cage of the transport vehicle at a high rate of speed. Plaintiff suffered multiple serious bodily injuries, including visible bleeding from his head and concussion symptoms.

17. Immediately after the accident, Plaintiff showed his injuries to Defendants John Doe 1 and 2 and pleaded for immediate medical attention. However, Plaintiff's requests were ignored.

18. Instead, Plaintiff was forced to endure over an hour of suffering from his injuries before the Defendants John Doe 1 and 2 agreed to drive him to the hospital.

19. When Plaintiff arrived at the hospital, his injuries were documented by medical staff and he was then rushed to the emergency room.

20. Due to the extent of Plaintiff's injuries, he stayed in the hospital for over a month and had to reschedule the mandible surgery for which he was originally being transferred.

21. Additionally, at the time of car crash, Plaintiff was nearly 40 days into his 45-day Intermediate Sanction Facility program. But due to the severity of his injuries, he remained in custody for over 90 days in total.

B. **Defendants' unconstitutional policies, practices and procedures.**

22. Unfortunately, Plaintiff is not the only inmate to be subjected to reckless driving after failing to be properly secured in a transport vehicle by Defendants.

23. In 2009, a TDCJ inmate filed a lawsuit for almost identical conduct against employees of Defendant TDCJ. *See Wilbert v. Quarterman*, 647 F.Supp.2d 760, 763 (S.D. Tex. 2009). There, TDCJ official again failed to secure the plaintiff, were aware that Plaintiff was unsecured, but nevertheless, drove recklessly.

24. In 2013, another inmate filed a lawsuit against Defendant TDCJ employees alleging that he too had not been provided a seatbelt, was subjected to reckless driving, and sustained injuries in the resultant car crash. *See Rogers v. Boatright*, 709 F.3d 403, 408 (5th Cir. 2013).

25. These cases show plausibly show that Defendant TDCJ maintains a policy, practice, or custom of failing to secure inmates during vehicle transport, failing to adopt policies to adequately protect inmates during prisoner transport, and subjecting unsecured inmates to reckless driving. These cases also indicate that such conduct violates a clearly established constitutional right.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983, Civil Action for Deprivation of Rights**
**(Deliberate Indifference – Conditions of Confinement)**
**(As to Defendants John Doe 1 and 2)**

26. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27. The conduct alleged herein deprived Plaintiff of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Eighth Amendment right to be free from punishment or the wanton and unnecessary infliction of pain.

28. Defendants John Doe 1 and 2 violated Plaintiff's constitutional right by knowingly failing to secure Plaintiff in a transport vehicle and then subjecting Plaintiff to reckless driving which created an unreasonable risk of danger.

29. Defendants John Doe 1 and 2 were deliberately indifferent because they were subjectively and objectively aware that Plaintiff was not restrained by a seat belt and could not protect himself in the event of a car crash, but subjected Plaintiff to reckless driving anyways. Thus, Defendants John Doe 1 and 2 were subjectively aware of an excessive risk to his Plaintiff's health or safety, but were deliberately indifferent to that risk by subjecting Plaintiff to reckless driving and an increased risk of car crash.

30. It is clearly established that subjecting an inmate to reckless driving after knowingly failing to secure them in the transport vehicle violates that inmate's Eight Amendment Constitutional rights. *See Wilbert,* 647 F.Supp.2d at 763; *Rogers*, 709 F.3d at 408.

31. Moreover, Defendants John Doe 1 and 2 also acted with evil motive or intent and/or reckless and callous indifference to Plaintiff's Constitutional rights, entitling Plaintiff to punitive damages.

32. Plaintiff's requests for relief are set forth the below.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983, Civil Action for Deprivation of Rights**
**(Deliberate Indifference – Denial of Medical Care)**
**(As to Defendants John Doe 1 and 2)**

33. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

6

34. The conduct alleged herein deprived Plaintiff of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Eighth Amendment right to be free from punishment and the right to medical care.

35. Defendants John Doe 1 and 2 deliberately refused to treat Plaintiff, ignored his serious medical complaints, delayed emergency medical treatment, and evinced a wanton disregard for Plaintiff's serious medical needs that violated her clearly established constitutional rights.

36. A government official violates a pretrial detainees' Eighth Amendment right to medical care when the official acts with deliberate indifference to a pretrial detainees' serious medical needs. Officials act with deliberate indifference to serious medical needs when (i) the officials are aware of underlying facts indicating a substantial risk of serious harm exists and (ii) the officials must also draw the inference.

37. Defendants John Doe 1 and 2 had actual knowledge that Plaintiff had been the victim of a car crash and was experiencing significant, visible medical symptoms. Defendants John Doe 1 and 2 were aware of the substantial risk of serious harm that result from failing to treat such issues, but failed to treat Plaintiff and ignored his numerous medical complaints.

38. Defendants John Doe 1 and 2's denial of medical care, delay of appropriate medical testing, and delay of emergency medical treatment deprived Plaintiff of his basic human need of medical care and allowed his medical issues to become more severe. As a result, Plaintiff was subjected extreme pain and suffering, was ultimately forced to receive emergency medical treatment when he arrived at the hospital, and stayed at the hospital for over a month.

39. Defendants John Doe 1 and 2 also acted with evil motive or intent and/or reckless and callous indifference to Plaintiff's Constitutional rights, entitling Plaintiff to punitive damages.

40. Plaintiff's requests for relief are set forth below.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983, Civil Action for Deprivation of Rights**
**(Municipal Liability – Policies or Practices)**
**(As to Defendant TDCJ)**

41. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

42. The conduct alleged herein deprived Plaintiff of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Eighth Amendment right to be free from punishment and the right to medical care.

43. Defendant TDCJ had a policy or practice to subject inmates to an unreasonable risk to their health or safety by failing to properly secure inmates during vehicle transport and subjecting them to an unreasonable risk of danger from vehicle crashes.

44. Defendant TDCJ approved, ratified, and promulgated such policies or practices. An official policy can be established in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. In this context, a customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct.

45. Here, Defendant TDCJ either promulgated an official policy, or were aware of a widespread practice, of failing to properly secure inmates during vehicle transport and subjecting them to reckless driving, which routinely resulted in serious injuries to those inmates under their care. *See e.g. Wilbert,* 647 F.Supp.2d at 763; *Rogers*, 709 F.3d at 408. But despite this knowledge, Defendant TDCJ failed to correct those practices, modify those policies, or adequately address the unreasonable risk to inmate safety during vehicle transport.

8

46. Defendant TDCJ's policies, practices, or customs subjected Plaintiff to an excessive risk to his health or safety and caused Plaintiff's injuries.

47. Plaintiff's requests for relief are set forth below.

## FOURTH CAUSE OF ACTION
### Texas Civil Prac. and Rem. Code Section 101.021,
### (Texas Tort Claims Act - Negligence)
### (As to Defendant TDCJ)

48. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

49. Defendant TDCJ is a governmental unit as that term is defined by the Texas Civil Practices & Rem. Code § 101.021 *et seq*.

50. Defendants John Doe 1 and 2 were employees of Defendant TDCJ and were acting in the course and scope of their employment during their negligent acts during the operation or use of a motor-driven vehicle while transporting Plaintiff.

51. Defendant TDCJ is liable for the negligent acts of Defendants John Doe 1 and 2 because Defendants John Doe 1 and 2 would be personally liable to Plaintiff under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1).

52. Specifically, Defendants John Doe 1 and 2 owed a duty of care to Plaintiff in using or operating a motor vehicle during Plaintiff's vehicle transport. Defendants John Doe 1 and 2 breached this duty of care by*, inter alia*, negligently, carelessly, and recklessly:

   A. failing to properly secure Plaintiff in the transport vehicle so as to prevent injury in the event of an accident;
   B. failing to control the vehicle's speed;
   C. failing to apply the brakes to his motor vehicle in a timely and prudent manner (or wholly failing to apply his brakes) to avoid the collision;
   D. failing to keep a proper lookout that a person of ordinary prudence would have maintained under the circumstances;
   E. refusing to use the vehicle to transport Plaintiff to receive necessary emergency medical treatment; and

F. failing to use care that would have been exercised by a person of ordinary prudence under the circumstances;

53. Moreover, these acts constitute negligence per se, because they are in violation of §§ 545.153 and 545.351 of the Texas Transportation Code.

54. These statutory violations and negligent acts and omissions of Defendant directly and proximately caused this incident and the resulting damages Plaintiff suffered.

55. Plaintiff's requests for relief are set forth below.

## DEMAND FOR A JURY TRIAL

56. Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against Defendant as follows:

A. Declaring that the practices complained of herein are unlawful and in violation of the rights of the Plaintiff under the U.S. Const. and 42 U.S.C. § 1983;

B. Awarding all damages which Plaintiff has sustained as a result of Defendants' conduct, including for physical injuries, medical bills, emotional distress, and anguish;

C. Awarding Plaintiff damages for all damages authorized by the Texas Tort Claims Act;

D. Pre-judgment and post-judgment interest, as provided by law;

E. Awarding Plaintiff punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, oppressive, and/or malicious conduct;

F. Granting Plaintiff reasonable and necessary attorneys' fees and expenses which Plaintiff has incurred and will continue to incur during all trial and appellate court proceedings pursuant to 42 U.S.C. § 1988;

G. Awarding Plaintiff damages for conscious pain and mental anguish, and exemplary damages;

H. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

I. Awarding Plaintiff such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Plaintiff also seeks injunctive relief, including, but not limited to:

A. Supervisory discipline up to and including termination for any agent of Defendants' personnel who improperly handle inmates' requests for medical care;

B. Supervisory discipline up to and including termination for personnel or any other agent of the listed Defendants who were involved in the incidents described herein;

C. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief.

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate or as the Court may deem just or equitable

Dated: February 20, 2026,    Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
jellwanger@equalrights.law
Brian Pounds
bpounds@equalrights.law
Ellwanger Henderson LLLP
11149 Research Blvd, Suite 100
Austin, Texas 78759
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ATTORNEYS FOR PLAINTIFF**