United States District Court
Southern District of Texas

**ENTERED**

July 28, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GARY GOFF, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-1427 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This dispute arises out of a head injury that the plaintiff, Gary Goff, allegedly sustained when officers from the Texas Department of Criminal Justice (TDCJ) were transporting him to the hospital for previously scheduled jaw surgery. Goff alleges that the officers failed to buckle his seatbelt and that the officer driving the vehicle drove recklessly, causing Goff to suffer traumatic head injuries when he crashed into the vehicle's metal cage after the driver slammed on the brakes at high speed. Goff sued TDCJ for various constitutional violations under 42 U.S.C. § 1983. (Docket Entry No. 14). The defendants moved to dismiss Goff's first amended complaint. (Docket Entry No. 15). Meanwhile, Goff has moved for leave to conduct discovery to identify the names of the two officers and has moved for leave to file a second amended complaint. (Docket Entry Nos. 17, 18). Based on the pleadings, the motions, and the applicable law, the court grants the motion to dismiss and denies the motions for leave. The reasons for these rulings are below.

**I.     Background**

On February 20, 2024, TDCJ was transporting Goff, who was in custody, to the hospital to undergo jaw surgery. (Docket Entry No. 14 ¶ 2). None of the TDCJ employees preparing Goff for

his medical transport secured him with a seatbelt.  (*Id.*).  Goff alleges that the TDCJ driver drove recklessly, in excess of the speed limit, and had to slam on the brakes to avoid hitting an object in the road.  (*Id.* ¶ 3).  Goff, who was unable to secure his own seatbelt or brace himself, crashed into the vehicle's metal cage, resulting in cuts to his head and a "traumatic brain injury."  (*Id.*).  Goff alleges that despite his request for immediate medical attention, TDCJ and its employees at first refused to provide him with medical treatment.  (*Id.* ¶ 4).  After an hour, however, they agreed to drive him to the hospital, where he was rushed to the emergency center.  (*Id.* ¶ 5).  Goff was hospitalized for over a month and had to reschedule his originally planned jaw surgery.  (*Id.* ¶ 6).  His hospital stay extended the time he was forced to remain in TDCJ custody.  (*Id.*).

Goff's amended complaint asserts five causes of action against TDCJ.  Although TDCJ is the only named defendant in the amended complaint, Goff alleges that TDCJ acted "through its agents, Driver and Passengers."  (*Id.* ¶ 15).  Goff asks for damages as well as declaratory and injunctive relief.  (*Id.* at 9–10).  The defendants filed a motion to dismiss the amended complaint, arguing that Eleventh Amendment immunity applies to claims for monetary relief and that none of the claims are plausibly pleaded.  (*See generally* Docket Entry No. 15).  Although Goff only named TDCJ as a defendant in the amended complaint, the motion to dismiss was filed by the Office of the Texas Attorney General on behalf of not only TDCJ, but also "John Doe Driver" and "John Doe Passenger," all identified in the motion as defendants.  (*Id.* at 1).

Goff did not respond to the motion to dismiss.  Instead, he filed for leave to file a second amended complaint.  (Docket Entry No. 17).  The proposed second amended complaint adds claims under the Americans with Disabilities Act (ADA) and supervisory liability under § 1983.  (*Id.* at 1).  The proposed second amended complaint also adds Bobby Lumpkin, the Executive Director of TDCJ, and formally adds the two John Doe officers as defendants; they are named in

both their individual and official capacities. (*Id.* at 1). Goff also filed a motion for leave to conduct limited discovery to identify the two John Doe officers. (Docket Entry No. 18). The defendants oppose both motions. (Docket Entry No. 19).

## II.    The Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the district court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

## III.    Analysis

### A.    Motion for Leave to Compel Discovery

Goff moves for leave to compel discovery to identify the names of the two unnamed John Doe officers. (Docket Entry No. 18). The court denies the motion because the discovery requested is futile. The conduct that underlies Goff's claims occurred on February 20, 2024. (Docket Entry No. 14 ¶ 2). This court applies the Texas two-year statute of limitations to § 1983 claims (and ADA claims). *See Brockman v. Tex. Dep't of Crim. Justice*, 397 F. App'x 18, 21 (5th Cir. 2010) ("Since there is no federal statute of limitations for ADA or § 1983 claims, we look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period."). The statute of limitations for Goff's claims ran on February 20, 2026, the day Goff filed his original complaint. (Docket Entry No. 1); *see Bustamante v. City of Midland, Tex.*, MO-09-CV-88, 2010 WL 11597984, at *5 (W.D. Tex. Mar. 9, 2010) ("Claims under § 1983

must be raised 'not later than two years after the day the cause of action accrues.'" (quoting *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005))).

The Fifth Circuit has made it clear that Rule 15(c) does not allow relation back when a plaintiff is attempting to substitute a named party for a previously unnamed John Doe. *See, e.g.*, *Whitt v. Stephens County*, 529 F.3d 282, 283 (5th Cir. 2008) (noting that "an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)"); *Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998) (holding that "relation back" is not allowed where there was no "mistake" in identifying the correct defendant, but rather the problem was the plaintiff's inability to identify that defendant); *Winzer v. Kaufman Cty.*, 916 F.3d 464, 471 (5th Cir. 2019) (per curiam) ("Thus, to the extent Appellants sued 'unknown officers,' they cannot use these 'John Doe' claims to now substitute in Cueller and Huddleston after the limitations period.").

The court may raise the statute of limitations issue on its own. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Because the discovery requested is futile, the court denies the motion to compel discovery. *See Rogers v. Miss. Dep't of Corrections*, No. 3:21-CV-150-CWR-FKB, 2021 WL 3412444, at *2 (S.D. Miss. Aug. 4, 2021) (denying a request for discovery of the names of John Doe officers as futile in identical circumstances; the statute of limitations had run and the plaintiff filed suit on the last possible day before the running of the statute of limitations).[1]

## B. The Motion to Dismiss and Motion for Leave to Amend

Because Goff cannot assert claims against the individual officers (nor can he add similarly time-barred claims Lumpkin, *see Winzer*, 916 F.3d at 471), that leaves only his § 1983 claims—

---

[1] Goff cites *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007), for support for tolling the statute of limitations. But in *Green*, the plaintiff filed formal motions for discovery twice before limitations expired. No motions were filed in this case until well after limitations had run. In addition, Goff has provided no explanation as to why, if Texas was not complying with his pre-suit records requests, he did not simply file suit and then file a motion to compel before limitations had run. As the Fifth Circuit explained in *Green*, "[t]he only reason to sue a 'John Doe' is to conduct discovery backed by the authority of the court." *Id.* at *3.

4

and proposed new ADA claim—against TDCJ.  The defendants raise Eleventh Amendment immunity in their motion to dismiss.  (Docket Entry No. 15 at 5).[2]  The Fifth Circuit has recognized that "TDCJ is a state agency that enjoys immunity from suit in federal court."  *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam).  It does not matter that Goff brings claims for both damages and injunctive relief; "Eleventh Amendment immunity applies to all suits brought against 'States and their agencies . . . regardless of the relief sought."  *Id.* (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).   The *Ex Parte Young* exception "only applies to suits for prospective relief against *state officials*; it 'has no application in suits against . . . States and their agencies.'"[3]  *Id.* (quoting *P.R. Aqueduct*, 506 U.S. at 146).  TDCJ has not waived its immunity.  *Id.*; *see also Hardin v. Tex. Dep't of Crim. Justice*, Civ. Action No. H-18-3063, 2019 WL 7037403, at *2 (S.D. Tex. Dec. 20, 2019).

Goff did not respond to the motion to dismiss and has not explained how sovereign immunity might be waived as to any of the § 1983 claims.  *See, e.g.*, *Alford v. Texas*, No. 4:24-CV-1679, 2025 WL 373447, at *2 (S.D. Tex. Feb. 3, 2025) ("The plaintiff bears the burden of showing a waiver of sovereign immunity."), *aff'd as modified sub nom. Alford v. Tex. Bd. of L. Examiners*, No. 25-20072, 2025 WL 3175971 (5th Cir. Nov. 13, 2025).  As to the proposed new ADA claim, Goff filed a reply brief in support of his motion for leave to amend and conduct

---

[2] Although most of the arguments in the motion to dismiss were made under Rule 12(b)(6), the defendants also moved for dismissal under Rule 12(b)(1) and raised the issue of Eleventh Amendment immunity. (Docket Entry No. 15 at 1, 5).

[3] Even if Goff could bring claims against the individual officers in their official capacities for injunctive relief, he is no longer in custody, and it is highly unlikely that he has standing (another Rule 12(b)(1) issue) for any of the broad-sweeping injunctive relief he seeks. *See, e.g.*, *Stringer v. Whitley*, 942 F.3d 715, 723 (5th Cir. 2019) (explaining the standing requirements for prospective relief).  The court considers sovereign immunity prior to standing.  *See Starr v. County of El Pasto, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *2 (W.D. Tex. Aug. 5, 2010).

discovery, pointing out that Title II of the ADA abrogates sovereign immunity where a Title II claim is "substantially related" to an Eighth Amendment violation.  (Docket Entry No. 22 at 4 (citing *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021)).  Even setting aside the issues with the Eighth Amendment claims, however, Goff's ADA claim (a failure to accommodate claim) is largely a conclusory recital of the causes of action of that claim.  (Docket Entry No. 17-1 ¶¶ 49–58).  Among other issues, Goff merely asserts that the officers' conduct was "intentional" or "at a minimum constated deliberate indifference" without sufficient facts plausibly alleging conduct that meets those standards.  (*Id.* ¶ 57).  Other ADA claims against TDCJ have proceeded only with significantly more factual support than that alleged here.  *See, e.g.*, *Herschberger v. Lumpkin*, Civ. Action No. H-18-2550, 2022 WL 4454392, at *4–5 (S.D. Tex. Sep. 21, 2022) (allowing an ADA claim against TDCJ to proceed based on the John Doe defendant's failure to give a verbal warning not only because the plaintiff alleged that "the defendants knew plaintiff was visually impaired," but also because the plaintiff alleged that he was "housed in an area for disabled inmates" and prison officials had acknowledged that officers were supposed to "announce the movement of doors").  The court sees no basis to allow Goff another opportunity for leave to amend on this claim; he has already filed three different complaints based on the same conduct.

In sum, the court dismisses the claims against TDCJ, without prejudice, for lack of jurisdiction. *See, e.g.*, *U.S. Dist. Ct. S. Dist. of Tex. Hous. Div. Anthony Norman, TDCJ #1718789 v. Brad Livingston*, No. CV H-14-2488, 2016 WL 1274759, at *4 (S.D. Tex. Mar. 31, 2016); *Jones v. Pacher*, Civ. Action No. H-21-02230, 2023 WL 3310343, at *4 (S.D. Tex. Feb. 27, 2023).  The claims against the officers[4] are dismissed, with prejudice, because the statute of limitations has

---

[4] To the extent they were ever properly asserted in the first place; the first amended complaint, which is the operative complaint, only formally named TDCJ as a defendant.

run.  *See Whitt*, 529 F.3d at 283.  Because amendment would be futile, the court denies the motion for leave to amend.  *See Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 381 (5th Cir. 2011) ("Rule 15(a) authorizes a district court to deny a motion for leave to amend where 'the amendment would be futile.' (quoting reference omitted)).

## IV.    Conclusion

The court grants the motion to dismiss, in part with prejudice and in part without prejudice. (Docket Entry No. 15).  The court denies the motion for leave to conduct discovery and denies the motion for leave to amend.  (Docket Entry Nos. 17, 18).   The court will separately enter an order of dismissal.

SIGNED on July 27, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge